IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHEMEKA IBRAHIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-1019 |
| ) | |
| MURFREESBORO MEDICAL CLINIC, P.A., ) | Judge Sharp |
| DR. ANDREW H. FORD, ) | |
| SLEEP MEDICINE OF MIDDLE TENNESSEE, and ) | |
| DR. KELLY A. CARDEN, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is plaintiff Shemeka Ibrahim's Application to Proceed in District Court without Prepaying Fees and Costs (ECF No. 2). As it appears from the plaintiff's submission that she lacks sufficient financial resources from which to pay in advance the full fee required for the filing of a complaint, the application is **GRANTED** and the Clerk is **DIRECTED** to file the plaintiff's complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

Having granted the plaintiff's application to proceed as a pauper, the Court must conduct an initial review of the complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)). In reviewing the complaint, the Court must construe the *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In this case, the plaintiff has failed to assert any claim over which this Court has subject-matter jurisdiction. The complaint does not allege a violation of federal law that would invoke the Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331. The plaintiff does not assert the existence of federal-question jurisdiction, and the Court cannot discern any possible federal claim stemming from the plaintiff's

allegations. To the contrary, the plaintiff appears to assert purely state-law claims for medical malpractice and negligence. Medical malpractice, no matter how egregious, is not a federal claim.

Nor do the allegations in the complaint indicate that the Court may exercise diversity jurisdiction over the state-law claims. A federal district court has jurisdiction over a complaint asserting only state-law claims if the suit is between "citizens of different states" and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The general rule is that diversity is determined at the time of the filing of a lawsuit. *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006). The complaint in this case does not allege an amount in controversy. Even if the Court were to assume that the requisite amount is at stake, the plaintiff's allegations show that she and all of the defendants are citizens and residents of Tennessee. Because the plaintiff has not pleaded the requisite amount in controversy and because her allegations reveal that there is no diversity of citizenship, this Court lacks subject-matter jurisdiction on the basis of diversity of citizenship.

Accordingly, the Court concludes that the plaintiff's complaint is subject to dismissal for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3). The complaint is hereby **DISMISSED WITHOUT PREJUDICE** to the plaintiff's ability to pursue her claims in state court.

The Motion for Extension of Time (ECF No. 3) is **DENIED AS MOOT**.

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge